# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>Plaintiff,<br>v.<br>MICHAEL KOEHN, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00468-MMD-CBC<br><br>ORDER |

Plaintiff Lance Reberger filed a motion for extension of time on the last day of discovery in this case requesting more time to file an objection to an order (*compare* ECF No. 45 *with* ECF No. 33) now retired Magistrate Judge Valerie Cooke entered (ECF No. 40) denying his motion to extend discovery for 60 days (ECF No. 37). (ECF No. 45.) Plaintiff later filed his objection. (ECF No. 46.) The Court will grant the motion for extension of time *nunc pro tunc* to the date Plaintiff filed the objection—May 2, 2018.

The Court however overrules Plaintiff's objection (ECF No. 46)[1] because Judge Cooke did not clearly err in concluding that Plaintiff failed to show good cause why discovery should be extended, and discovery has long been closed.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *see also* Fed.

///

---

[1] The Court has considered all documents relevant to Magistrate Judge Cooke's order and Plaintiff's objection. (ECF Nos. 33, 37, 45, 53, 54, 64, 65, 66.) Local Rule IB 3-2(a) allows for an objection and a response and provides that "[r]eplies will be allowed only with leave of court." LR IB 3-2(a). Here, Plaintiff filed a reply (ECF No. 66) only after moving for extension of time to file a reply (ECF Nos. 53 and 54). However, per ECF No. 102, the Court will consider Plaintiff's reply, albeit the reply was unwarranted.

R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, Plaintiff's requested discovery extension was based on his claim that he was unable to write interrogatories, admissions or letters because he had no legal documents. (ECF No. 37.) Judge Cooke found that Plaintiff's claim "[was] belied by the fact that [Plaintiff continue[d] to file[] motions with the [C]ourt." (ECF No. 40.) Accordingly, Judge Cooke concluded that Plaintiff had "not shown good cause to extend discovery at this time" and denied Plaintiff's request. (*Id.*)

In his objection, Plaintiff seeks "reversal" of Judge Cooke's order. (ECF No. 46.) However, Plaintiff concedes that he in fact had been making filings in this Court as Judge Cooke noted in the order denying his discovery extension request (ECF No. 46 at 2) but argues that he had "to sacrifice" his personal mail supplies for his legal supplies to do so (*id.* at 2–3). Plaintiff attempts to support his argument that he lacked legal documents or supplies providing that he "did not serve any admissions or interrogatories on defendants until 3-22-18 [when] he was able to mail them out only after he received his property and case files." (*Id.*) He also notes that Judge Cooke "was not aware of all the[se] facts" when she denied his request to extend discovery. (ECF No. 46 at 3.)

Defendants filed an opposition to Plaintiff's objection (ECF No. 47), noting that Plaintiff had "served request for production of documents on February 19, 2018, and a total of nine requests for admission and interrogatories to defendants on March 22, 2018[,] . . . [which] has been answered by Defendants." (*Id.* at 3.) It appears however that the impetus for Plaintiff's request for 60-days-extension of discovery was that he had served a second request for discovery on Defendants on April 26, 2018, and wanted to "serve

additional interrogatories and admissions" on Defendants once the additional discovery had been received. (ECF No. 46 at 4.) In their opposition to Plaintiff's objection, Defendants revealed that they were "in the process of answering" Plaintiff's additional April 26, 2018 requests. (ECF No. 47 at 3.)

Plaintiff filed a reply to Defendant's opposition to his objection, attempting to support his contention that he lacked property to serve discovery before March 22, 2018, with exhibits he purports prove his contention. (ECF No. at 3–4.) However, the largely blank "inmate inventory transfer" forms constituting Plaintiff's exhibits merely shows many of Plaintiff's personal items were missing. (*see id.*) The exhibits however do not directly support Plaintiff's claim of lacking his "legal" documents or supplies. Moreover, in the reply Plaintiff concedes he had served requests for discovery on Defendants on February 19, 2018. (*Id.* at 1.)

The Court concludes Magistrate Judge Cooke did not clearly err in finding that Plaintiff has not shown good cause to extend discovery. Judge Cooke had a reasonable basis to conclude that Plaintiff's reason for seeking to extend discovery—that he had no legal documents (or supplies)—was essentially incredible. As noted, Plaintiff concedes in his objection that he had continued to file legal documents with the Court (ECF No. 46 at 2) and in his reply that he had served discovery on Defendants (ECF No. 66 at 1) before when he claims to have received his legal documents or supplies. Plaintiff's after-the-fact explanation that he had "to sacrifice" his personal supplies to file legal documents does not render Judge Cooke's order denying his request to extend discovery clearly erroneous. Further, discovery is now closed, and the Court finds that it would be unreasonable and create unjustifiable delay to reopen discovery at this time.

It is therefore ordered that Plaintiff's motion for extension of time to file objection (ECF No. 45) is granted *nunc pro tunc* to the date Plaintiff submitted his objection—May 2, 2018.

///

///

3

It is further ordered that Plaintiff's objection to Magistrate Judge Cooke's order denying his request to extend discovery (ECF No. 46) is overruled.

DATED THIS 7th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE